IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KARISSA VACKER, MARK BOYETT, BRIAN LARSON, IRON TOWER PRESS, INC. and VAUGHN HEPPNER, <br><br> Plaintiffs, <br><br> v. <br><br> ELEVEN LABS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) C.A. No. 24-987 (RGA) ) ) **CONFIDENTIAL -** ) **FILED UNDER SEAL** ) ) ) |

### DECLARATION OF ALEX HASKELL IN SUPPORT OF ELEVEN LABS INC.'S MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK

I, Alex Haskell, declare as follows:

1. I am over 18 years old, competent to make this Declaration, have personal knowledge of the facts set forth herein, and if called as a witness, could competently testify thereto.

2. This Declaration is made in support of Eleven Labs Inc.'s ("Eleven Labs") Motion to Transfer Venue to the Southern District of New York ("the SDNY").

3. I am the head of Global Affairs for Eleven Labs and based in New York, New York.

4. Eleven Labs is a startup software company that specializes in developing natural-sounding, artificial intelligence-assisted speech synthesis software that can produce lifelike speech by synthesizing vocal emotion and intonation.

5. I am informed of and confirmed with others at Eleven Labs the following facts.

6. Eleven Labs has 112 employees globally (not including support), with 13 employees in New York. Of the employees in New York, 6 employees are in revenue (i.e. sales), 6 in operations, and 1 in brand. If any of these New York based employees, including myself, is a

witness in this case, the SDNY is a more convenient forum than Delaware. My understanding is that all other Eleven Labs employees with potentially relevant knowledge for this proceeding are located in Europe, and for those employees, it would be much easier and less costly for these witnesses to travel to the SDNY rather than Delaware given the regularity of direct flights between Europe and New York area airports as compared to flights to the Wilmington, Delaware area (including Philadelphia, Pennsylvania).

7. Eleven Labs is legally headquartered in New York, New York, and has an office in London, United Kingdom, and a soon-to-open office in Warsaw, Poland.

8. All of Eleven Labs' research, development, and design of the speech synthesis software at issue in this case occurred outside of Delaware. The speech synthesis software was developed in Europe and made available online through Eleven Lab's website and through the company's Application Programming Interface.

9. Eleven Labs' documents are readily accessible in New York, including financial records and research and development documents.

10. No Eleven Labs documents are physically stored in Delaware. Cloud-stored documents would presumably be accessible remotely if Eleven Labs had a physical presence in Delaware, but no such physical presence exists.

11. As mentioned above, Eleven Labs only has offices in New York, New York, and London, United Kingdom, with a new office to be opened soon in Warsaw, Poland. Eleven Labs' potential witnesses currently reside and work in New York, the United Kingdom, Poland, Germany, Serbia, Slovakia, and Spain. Litigating this case in Delaware would be inconvenient for Eleven Labs' witnesses as compared to the SDNY and would significantly increase the cost of the

litigation to Eleven Labs. Requiring travel to Delaware would create disruptions to Eleven Labs' business, especially as compared to litigation in the SDNY.

12. Although Eleven Labs is incorporated in Delaware, it otherwise has no meaningful ties to Delaware.

13. Eleven Labs does not have any officers or employees located in Delaware or the surrounding area.

14. Eleven Labs has no offices in Delaware and does not own or lease any land or space in Delaware or the surrounding area.

15. I am unaware of any person with knowledge relevant to this case who resides or works in or near Delaware.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 11, 2024.

Signed by:
Alex Haskell
B7CE17D2AC454EE...
Alex Haskell

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 11, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Michael C. Wilson, Esquire<br>Charles Theodore Zerner, Esquire<br>Abigail R. Karol, Esquire<br>MUNCK WILSON MANDALA, LLP<br>600 Banner Place Tower<br>12770 Coit Road<br>Dallas, TX  75251<br>*Attorneys for Plaintiffs* | |

/s/ Brian P. Egan
_____
Brian P. Egan (#6227)