IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KARISSA VACKER, MARK BOYETT, BRIAN LARSON, IRON TOWER PRESS, INC. and VAUGHN HEPPNER,<br><br>Plaintiffs,<br><br>v.<br><br>ELEVEN LABS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 24-987 (RGA)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT ELEVEN LABS, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL ITS OPENING BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK AND ASSOCIATED DECLARATION OF ALEX T. HASKELL**

Defendant Eleven Labs, Inc. moves for an order pursuant to Federal Rule of Civil Procedure 5.2 and D. Del. L.R. 5.1(a) permitting the filing under seal of its Opening Brief in Support of Motion to Transfer Venue to the Southern District of New York ("Opening Brief") and the associated Declaration of Alex T. Haskell ("Haskell Declaration"), filed concurrently herewith.[1]

Eleven Labs seeks to file under seal Eleven Labs' Opening Brief and the associated Haskell Declaration, which disclose confidential business information, including information about the location of Eleven Labs' research and development efforts and the location of relevant employees. This information is confidential, competitively sensitive business information that, if disclosed, could harm Eleven Labs' competitive standing. Sealing this material will prevent tangible harm to Eleven Labs, as public disclosure would provide competitors with insight into its confidential

---

[1] Pursuant to D. Del. LR 7.1.1, the parties conferred on this Motion, and counsel for Plaintiffs confirmed that they do not oppose it.

business strategies and resource allocation, causing clearly defined and significant injury, as discussed in detail below.

I.     **LEGAL STANDARD**

Third Circuit common law presumes a public right of access to judicial records, however it also protects business and financial information when access would cause economic harm, including competitive harm. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). "Although the common law right to public access is a recognized and venerated principle, courts have also recognized the accompanying principle that the right is not absolute." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (citations and quotations omitted); *see also Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) ("Despite the presumption, courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing.").

This presumption is overcome where a movant shows "that the interest in secrecy outweighs the presumption." *In re Avandia Mktg.*, 924 F.3d at 672 (quoting *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). This showing may be made by demonstrating that disclosure will work a clearly defined and serious injury to the movant and that the material is the kind of information that courts will protect. *See In re Avandia Mktg.*, 924 F.3d at 672 (citing *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). Courts apply a "good cause" standard justifying sealing or redacting judicial records, requiring a "balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507-08 (D. Del. 2012) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994)).

## II.  ARGUMENT

Good cause exists to file under seal Eleven Labs' Opening Brief and the associated Haskell Declaration. These submissions identify, among other information, the location of Eleven Labs' research and development efforts and the location of relevant employees. This information is the type of competitively sensitive information that courts in the Third Circuit have recognized as protectable "business information that might harm a litigant's competitive standing." *In re Avandia Mktg.*, 924 F.3d at 679 (quoting *Republic of Phil. v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991) (internal quotation marks omitted)). This information is not public, and its publication would afford Eleven Labs' competitors insight into its confidential business strategies. In particular, disclosure of this information could provide competitors with insight into Eleven Labs' strategic focus, resource allocation, and operational priorities, thereby conferring a competitive advantage. Revealing this information could expose confidential business strategies and infringe on employee privacy by indirectly identifying individuals or their roles within the company.

In addition, because this "case involves private litigants" and their confidential information, there is "little legitimate public interest" in the proposed redactions. *Pansy*, 23 F.3d at 788. Under such circumstances, Eleven Labs' interest in maintaining the confidentiality of this limited amount of information outweighs any countervailing public interest. *See id.* ("[I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality."); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure" and explaining that the court has "framed the inquiry as whether the need for secrecy outweighs the presumption of access that normally attaches to such documents"); *Nixon v. Warner Commc'ns,*

*Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve as ... sources of business information that might harm a litigant's competitive standing.").

In accordance with D. Del. LR 5.1.3, Eleven Labs will file within 7 days a public version of its Opening Brief and the associated Haskell Declaration with limited redactions to the confidential information detailed above, leaving the vast majority of the text of these submissions unredacted. Accordingly, the public's ability to understand Eleven Labs' submissions will not be impaired any more than necessary to prevent the release of Eleven Labs' confidential information to its competitors, preventing clear competitive harm. No less restrictive means exist to ensure that the information that will be redacted is not disclosed to the public.

### III.  CONCLUSION

For these reasons set forth herein, Eleven Labs respectfully requests the Court to grant its Motion for Leave to File Under Seal.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

Brian P. Egan (#6227)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
began@morrisnichols.com
ccucuzzella@morrisnichols.com

*Attorneys for Defendant Eleven Labs, Inc.*

OF COUNSEL:

Dori Ann Hanswirth
Joseph A. Greenaway, Jr.
Theresa M. House
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY  10019-9710
(212) 836-8000

December 11, 2024

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KARISSA VACKER, MARK BOYETT, BRIAN LARSON, IRON TOWER PRESS, INC. and VAUGHN HEPPNER,<br><br>          Plaintiffs,<br><br>    v.<br><br>ELEVEN LABS, INC.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 24-987 (RGA)<br>)<br>)<br>)<br>)<br>) |

## **[PROPOSED] ORDER**

WHEREAS, Defendant Eleven Labs, Inc., having moved, unopposed, for an order pursuant to Federal Rule of Civil Procedure 5.2 and D. Del. L.R. 5.1(a) permitting the filing under seal of its Opening Brief in Support of Motion to Transfer Venue to the Southern District of New York and the associated Declaration of Alex T. Haskell; and

WHEREAS, the Court having considered the Motion and for good cause shown;

IT IS HEREBY ORDERED that Defendant's Motion is GRANTED.  Defendant's Opening Brief in Support of Motion to Transfer Venue to the Southern District of New York and the Declaration of Alex T. Haskell shall remain sealed on the docket.  Within 7 days from the date of this Order, Defendant shall publicly file redacted versions of these submissions.

SO ORDERED this _____ day of _____, _____.

_____
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 11, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Michael C. Wilson, Esquire<br>Charles Theodore Zerner, Esquire<br>Abigail R. Karol, Esquire<br>MUNCK WILSON MANDALA, LLP<br>600 Banner Place Tower<br>12770 Coit Road<br>Dallas, TX  75251<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

*/s/ Brian P. Egan*

Brian P. Egan (#6227)