IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KARISSA VACKER, MARK BOYETT, BRIAN LARSON, IRON TOWER PRESS, INC. and VAUGHN HEPPNER, <br><br> Plaintiffs, <br><br> v. <br><br> ELEVEN LABS INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )   C.A. No. 24-987 (RGA) |

**DEFENDANT ELEVEN LABS INC.'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO TRANSFER VENUE
TO THE SOUTHERN DISTRICT OF NEW YORK**

OF COUNSEL:

Dori Ann Hanswirth
Joseph A. Greenaway, Jr.
Theresa M. House
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Brian P. Egan (#6227)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
began@morrisnichols.com
ccucuzzella@morrisnichols.com

*Attorneys for Defendant Eleven Labs Inc.*

February 26, 2025

TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ........................................................................................................................ 1

    A. Plaintiffs' Alleged "Legitimate and Rational Reasons" for Selecting the District of Delaware Do Not Outweigh the Convenience of the SDNY ....... 1

    B. Plaintiffs' Attempt to Blunt Eleven Labs' Forum Preference Fails .................. 3

    C. Where the Claims Arose Favors Transfer ......................................................... 4

    D. The SDNY Would Be More Convenient for the Parties ................................... 5

    F. Practical Considerations Favor Transfer ........................................................... 8

    G. Court Congestion in Delaware Favors Transfer ............................................... 8

    H. Local Interests and Public Policy, as Well as the SDNY's Familiarity with New York State Law Claims, Favor Transfer .................................................... 9

    I. The Parties Agree the Remaining Factors are Neutral ................................... 10

III. CONCLUSION ................................................................................................................. 10

i

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abcellera Biologics, Inc. v. Berkeley Lights, Inc.*,
　C.A. No. 20-931-RGA, D.I. 37 ................................................................................. 3, 4

*Abraxis Bioscience, LLC v. HBT Labs, Inc.*,
　C.A. No. 18-2019-RGA, 2019 WL 2270440 (D. Del. May 28, 2019) ...................... 2, 4

*Allen Med. Sys., Inc. v. Mizuho Orthopedic Sys., Inc.*,
　C.A. No. 21-1739-CFC, 2022 WL 1046258 (D. Del. Apr. 7, 2022) ............................ 8

*Auto. Techs. Int'l, Inc. v. Am. Honda Motor Co.*
　C.A. No. 06–187, 2006 WL 378347 (D. Del. Dec. 21, 2006) ...................................... 2

*Autodesk Can. v. Assimilate, Inc.*,
　C.A. No. 08-587-SLR-LPS, 2009 WL 3151026 (D. Del. Sept. 29, 2009) .................. 10

*Bendit v. Canva, Inc.*,
　No. 23-CV-473 (RA), 2023 WL 5391413 (S.D.N.Y. Aug. 22, 2023) .......................... 5

*Blackbird Tech LLC v. Cloudflare, Inc.*,
　C.A. No. 17-283-MSG, 2017 WL 4543783 (D. Del. Oct. 11, 2017) ........................... 8

*ChriMar Sys., Inc. v. Cisco Sys., Inc.*,
　C.A. No. 11-1050-GMS, 2013 WL 828220 (D. Del. Mar. 6, 2013) ............................. 6

*Cradle IP, LLC v. Texas Instruments, Inc.*,
　923 F. Supp. 2d 696 (D. Del. 2013) ............................................................................. 2

*Dermansky v. Young Turks, Inc.*,
　2023 WL 4351340 (D. Del. July 5, 2023) ................................................................ 3, 6

*Express Mobile, Inc. v. Web.com Group, Inc.*,
　C.A. No. 19-1936-RGA, 2020 WL 3971776 (D. Del. July 14, 2020) ......................... 6

*Harris v. Lord & Taylor LLC*,
　C.A. No. 18-521-MN, 2019 WL 1854562 (D. Del. Apr. 25, 2019) ............................. 7

*Human Genome Scis. Inc. v. Genentech Inc.*,
  C. A. No. 11-082-LPS, 2011 WL 2911797 (D. Del. July 18, 2011) ........................... 10

*In re 3M Co.*,
  C.A. No. 20-2864, 2020 WL 13924735 (3d Cir. Nov. 18, 2020) ................................. 5

*In re Link_A_Media Devices Corp.*,
  662 F.3d 1221, 1223 (Fed. Cir. 2011) ..................................................................... 2, 8

*Intell. Ventures I LLC v. Altera Corp.*,
  842 F. Supp. 2d 744 (D. Del. 2012) ........................................................................ 2, 4

*Ithaca Ventures k.s. v. Nintendo of Am. Inc.*,
  C.A. No. 13-824-GMS, 2014 WL 4829027 (D. Del. Sept. 25, 2014) ........................... 7

*L'Athene Inc. v. EarthSpring LLC*,
  570 F. Supp. 2d 588 (D. Del. 2008) ............................................................................ 4

*Nottenkamper v. Modany*,
  C.A. No. 14-672-GMS, 2015 WL 1951571 (D. Del. Apr. 29, 2015) ........................... 1

*Pacira Biosciences Inc. v. Ventis Pharma, Inc.*,
  C.A. No. 23-1250-RGA, 2024 WL 3925117 (D. Del. Aug. 23, 2024) ......................... 7

*Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*,
  126 F. Supp. 3d 430 (D. Del. 2015) ............................................................................ 8

*Pers. Genomics Taiwan Inc. v. Pac. Biosciences of California Inc.*,
  C.A. No. 19-1810-GBW, 2024 WL 3043329 (D. Del. June 18, 2024) ........................ 9

*Pragmatus AV, LLC v. Yahoo! Inc.*,
  C.A. No. 11-902-LPS-CJB, 2012 WL 4889438 (D. Del. Oct. 15, 2012)
  *report & recommendation adopted* 2013 WL 174499 (D. Del. Jan. 16,
  2013) ........................................................................................................................ 10

*Praxair, Inc. v. ATMI, Inc.*,
  C.A. No. 03-1158-SLR, 2004 WL 883395 (D. Del. Apr. 20, 2004) ............................ 4

*Round Rock Rsch., LLC v. Dell, Inc.*,
  904 F. Supp. 2d 374 (D. Del. 2012) ............................................................................ 3

*Samsara Inc. v. Motive Techs., Inc.*,
  C.A. No. 24-84-MN, 2024 WL 3822981 (D. Del. Aug. 14, 2024) ............................. 10

*Smart Audio Techs., LLC v. Apple, Inc.*,
 910 F. Supp. 2d 718 (D. Del. 2012) .............................................................................. 3, 5

*Smart Audio Techs., LLC v. Apple, Inc.*,
 930 F. Supp. 2d 718 (D. Del. 2012) ..................................................................................... 5

*Stratos Lightwave, Inc. v. E20 Commc'ns, Inc.*,
 C.A. No. 01-309-JJF, 2002 WL 500920 (D. Del. Mar. 26, 2002) ................................. 2

*Take2 Techs. Ltd. v. Pac. Biosciences of Cal., Inc.*,
 2023 WL 4930359 (D. Del. Aug. 2, 2023) ....................................................................... 3

*Wacoh Co. v. Kionix Inc., et al.*,
 845 F. Supp. 2d 597 (D. Del. 2012) ..................................................................................... 7

*Waste Distillation Tech., Inc. v. Pan American Resources, Inc.*,
 775 F. Supp. 759 (D. Del. 1991) ........................................................................................... 1

*Werner v. Hive Media Grp., LLC*,
 C.A. No. 20-1176-LPS, 2021 WL 3662902 (D. Del. Aug. 18, 2021) ............... 3, 4, 5, 8

*Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*,
 157 F.R.D. 215 (D. Del. 1993) ............................................................................................. 4

*Wimbush v. BP Expl. & Prod. Inc.*,
 C.A. No. 24-525, 2024 WL 3742341 (D. Del. Aug. 9, 2024) ....................................... 9

**Rules and Statutes**

Fed. R. Civ. P. 30(b)(1) ................................................................................................................ 6

§ 51 of the New York Civil Rights Law ........................................................................... 5, 10

**I.      INTRODUCTION**

Plaintiffs' opposition does not identify any connection that they or their claims have to Delaware. Plaintiffs do not argue that they have any offices, employees, or documents in Delaware. Nor do they contest that Eleven Labs has no office, employees, or documents in Delaware. The only connection to Delaware is Eleven Labs' state of incorporation, which Plaintiffs improperly rely upon for four separate *Jumara* factors to try to skew the transfer analysis in their favor. But Eleven Labs' incorporation in Delaware is not dispositive of the transfer analysis. Indeed, "it is a corporate entity's actual, physical location—and not its state of incorporation—that is the driving factor in the transfer analysis." *Nottenkamper v. Modany*, C.A. No. 14-672-GMS, 2015 WL 1951571, at *3 (D. Del. Apr. 29, 2015). And Eleven Labs' state of incorporation aside, the *Jumara* analysis weighs strongly in favor of transferring this dispute to the SDNY. There is no dispute that Eleven Labs' U.S. headquarters are in New York, one Plaintiff is a New York resident, Plaintiffs' claims stem in part from conduct that purportedly occurred in New York, and Plaintiffs' claims involve novel and important issues of New York law and public policy, all of which render New York the more appropriate and convenient forum. Accordingly, this matter should be transferred to the SDNY.

**II.     ARGUMENT**

    **A.      Plaintiffs' Alleged "Legitimate and Rational Reasons" for Selecting the District of Delaware Do Not Outweigh the Convenience of the SDNY**

Plaintiffs have no ties to Delaware either through incorporation, principal place of business, or residence, so their choice of forum should be given less deference. Plaintiffs' opposition proves this to be true. Their own cited cases confirm that the choice to sue in this District is a "paramount consideration" *only* when the plaintiff is a Delaware business entity or has a principal place of business in Delaware. *Compare Waste Distillation Tech., Inc. v. Pan American Resources, Inc.*,

775 F. Supp. 759, 764 (D. Del. 1991) ("The movant's burden is easier where the plaintiff has not brought suit on its 'home turf' because the interest in litigating in a convenient forum is reduced"); *Auto. Techs. Int'l, Inc. v. Am. Honda Motor Co.* C.A. No. 06–187, 2006 WL 378347, at *2 (D. Del. Dec. 21, 2006) ("[T]he court notes that it will afford less deference to ATI's choice of Delaware as a forum because it is not its 'home turf,' or principal place of business"); *Cradle IP, LLC v. Texas Instruments, Inc.,* 923 F. Supp. 2d 696, 669 (D. Del. 2013) (both parties were incorporated in Delaware, and the Court found that the choice of forum was neutral); *Stratos Lightwave, Inc. v. E20 Commc'ns, Inc.,* C.A. No. 01-309-JJF, 2002 WL 500920 (D. Del. Mar. 26, 2002) ("Stratos' preference for Delaware is not given as much deference because it, admittedly, has not chosen its home turf."); *with Abraxis Bioscience, LLC v. HBT Labs, Inc*., C.A. No. 18-2019-RGA, 2019 WL 2270440 (D. Del. May 28, 2019) (affording plaintiff's choice of forum "paramount consideration" where "[p]laintiff incorporated in Delaware and chose to avail itself of that venue"); *Intell. Ventures I LLC v. Altera Corp.,* 842 F. Supp. 2d 744, 754 (D. Del. 2012) (affording plaintiffs' choice of forum "paramount" weight because it related to "Plaintiff's legitimate, rational concerns as a Delaware corporation.").

To remain in this forum, Plaintiffs wrongly argue that they need only proffer "rational and legitimate grounds" for filing in Delaware. *See* D.I. 32 at 7. Courts have squarely rejected this reasoning. In *In re Link_A_Media Devices Corp.*, the Federal Circuit ruled that it was "fundamental error" for the district court to make "[plaintiff's] choice of forum and the fact of [defendant's] incorporation in Delaware effectively dispositive of the transfer inquiry" under the Third Circuit's *Jumara* analysis, issuing a writ of mandamus vacating the district court's denial of a motion to transfer. 662 F.3d 1221, 1223 (Fed. Cir. 2011) (confirming that "[w]hen a plaintiff brings its charges in a venue that is not its home forum … that choice of forum is entitled to less

2

deference"). Similarly, in *Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718 (D. Del. 2012), Judge Sleet followed the reasoning of *Link_A_Media* to reject an argument identical to the one Plaintiffs press here: although the presence of "rational, legitimate reasons" for bringing the action in Delaware entitles the plaintiff's forum preference to some weight, the court "cannot say that such reasons merit 'substantial deference' in light of [*Link_A_Media*]." *Id*. at 729.

Consistent with these principles, courts regularly grant transfer motions where, as here, Delaware is not the plaintiffs' home forum. *See, e.g.*, *Dermansky v. Young Turks, Inc.*, 2023 WL 4351340, at *2 (D. Del. July 5, 2023); *Take2 Techs. Ltd. v. Pac. Biosciences of Cal., Inc.*, 2023 WL 4930359, at *4 (D. Del. Aug. 2, 2023). This Court should do the same.

### B. Plaintiffs' Attempt to Blunt Eleven Labs' Forum Preference Fails

As this Court recognized in *Round Rock Rsch., LLC v. Dell, Inc.*, 904 F. Supp. 2d 374, 376 (D. Del. 2012), a defendant's desire to litigate where its business operations are physically located is "a legitimate basis" for preferring the proposed transferee forum. Thus, Eleven Labs' stated preference to litigate in New York, which is also the residence of one of the named Plaintiffs, weighs in favor of transfer. *Id*.; *see Take2*, 2023 WL 4930359, at *5 ("PacBio represents that it would prefer to litigate this case in the Northern District of California. This factor therefore favors transfer.").

Rather than concede this obvious point, Plaintiffs urge the Court to ignore Eleven Labs' preference because it identifies no "unique or unexpected burden" in defending this case in Delaware. D.I. 32 at 5-6, 9-10. Yet this Court has expressly refused to require that a defendant demonstrate a "unique or unexpected burden." *Abcellera Biologics, Inc. v. Berkeley Lights, Inc.*, C.A. No. 20-931-RGA, D.I. 37 (Tr.) at 15 (D. Del. Dec. 10, 2020) (rejecting the proposition that a Delaware corporation must show that "there's some unique or unexpected burden from litigating in Delaware") (attached hereto as **Exhibit A**); *see Werner v. Hive Media Grp., LLC*, C.A. No. 20-

3

1176-LPS, 2021 WL 3662902, at *3-4 (D. Del. Aug. 18, 2021) (finding that defendant's forum preference weighed in favor of transfer "as it always does," and that convenience weighed in favor of transfer, even though Delaware-incorporated defendant failed to show a "unique or unusual hardship," because that *does "not amount to a dispositive failing."* (emphasis added)). Rather, "the issue is whether the balance of the factors is sufficiently great enough to outweigh plaintiff's choice of forum" *Abcellera*, D.I. 37 (Tr.) at 35, considering the "totality of the circumstances," *Werner*, 2021 WL 3662902, at *5.[1] Accordingly, this factor favors transfer; Plaintiffs' misguided arguments do not counsel otherwise.

### C. Where the Claims Arose Favors Transfer

Plaintiffs argue that Eleven Labs "bears the burden of demonstrating that the operative

---

[1] Indeed, the cases cited by Plaintiffs referencing "unique or unexpected burden" did so not dispositively, but as *part* of their overall analysis of the "convenience of the parties" factor. In *Intellectual Ventures*, Judge Stark recognized that "incorporation in Delaware is not to be given dispositive weight," and held that the convenience of the parties factor favored transfer in that case, even without a finding of a unique or unexpected burden. *See, e.g., Intell. Ventures I*, 842 F. Supp. 2d at 756. In *Praxair*, Judge Robinson took issue with defendants' "disingenuous" convenience arguments as all parties were incorporated in Delaware *and* headquartered in Connecticut, yet defendants moved to transfer the case to the *SDNY*, not Connecticut, as a more convenient forum. *Praxair, Inc. v. ATMI, Inc.,* C.A. No. 03-1158-SLR, 2004 WL 883395, at *2 (D. Del. Apr. 20, 2004). Even so, the Court evaluated *both* the convenience of the parties' factor as a whole, *as well as* the other *Jumara* factors, before concluding that transfer was not warranted based on this overall balancing. *See id.* The *L'Athene* case cited by Plaintiffs is inapposite to their argument as it involved *granting* a motion to transfer by defendants who were *not* Delaware entities. *See L'Athene Inc. v. EarthSpring LLC*, 570 F. Supp. 2d 588, 594-95 (D. Del. 2008). The *Abraxis* case fares no better. Not only were both parties Delaware corporations, but the Court did *not* require that defendant actually demonstrate a "unique and unexpected burden" in order to warrant transfer. *Abraxis*, 2019 WL 2270440 (alluding to the demonstration of a "unique or unexpected burden" under "convenience of parties" factor where *both* parties were Delaware entities, but weighing factor *in favor of transfer* even where no such burden was shown). Thus, this factor was far from dispositive – to the contrary, it was only *one consideration* relevant to *one of the twelve factors* discussed in *Jumara* – and it was not dispositive even as to that one factor, which the Court found weighed in favor of transfer. *Id.* Finally, Plaintiffs also cite to the *Wesley-Jessen* case, which was decided prior to *Jumara*, for the proposition that "[t]his is not the 'very rare case' where a Delaware corporation can avoid litigating in Delaware" – yet the quoted language appears nowhere in that decision. *See Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 157 F.R.D. 215 (D. Del. 1993).

facts underlying Plaintiffs' claims *occurred predominantly* in the target forum," D.I. 32 at 11 (emphasis in original), citing *Smart Audio Techs., LLC v. Apple, Inc.,* 930 F. Supp. 2d 718 (D. Del. 2012). But *Smart Audio* says no such thing, nor does it support such a sweeping assertion. *Smart Audio* dealt with patent-infringement claims and held that "when the defendant in a patent infringement action operates on a national or global level, this factor [i.e., where the claim arose] is typically neutral." *Id.* at 730. Even so, it held that this factor slightly *favored* transfer because the development of the product took place in the proposed transferee forum, not in Delaware. *Id.* Here, there are no allegations that Plaintiffs' claims arose in Delaware (none of which are patent-infringement claims). To the contrary, Plaintiff Boyett specifically asserts a claim under Section 51 of the New York Civil Rights Law based on purported conduct in New York. *Bendit v. Canva, Inc.*, No. 23-CV-473 (RA), 2023 WL 5391413, at *8 (S.D.N.Y. Aug. 22, 2023) (plaintiff must demonstrate that unauthorized use occurred "within the state of New York"). This reliance on New York law and conduct favors transfer. *See In re 3M Co.*, C.A. No. 20-2864, 2020 WL 13924735, at *2 (3d Cir. Nov. 18, 2020) (reversing a refusal to transfer because the "District Court failed to meaningfully consider whether Respondents' claims arose outside of New Jersey").

### D.     The SDNY Would Be More Convenient for the Parties

There is no question that the SDNY is a more convenient forum for Eleven Labs given that its headquarters are located there. Plaintiffs argue that this is insufficient, and that Eleven Labs "fails to identify any unique operational burden." D.I. 32 at 11. As previously explained, however, a party incorporated in Delaware is *not* required to show a unique or unusual burden for this factor to weigh in favor of transfer. *See Werner*, 2021 WL 3662902, at *3-4. Party convenience favors transfer here given Eleven Labs' undisputed ties to the SDNY, coupled with the fact that "[n]either party maintains a physical presence in Delaware" and there is no indication that "any witness or

evidence is located in Delaware." *Dermansky*, 2023 WL 4351340, at *4.[2] Moreover, Plaintiffs side-step the fact that one of the Plaintiffs is a New York resident, which makes the SDNY more convenient for them as well.

Plaintiffs posture that Eleven Labs' valuation renders any inconvenience inconsequential. D.I. 32 at 12. Plaintiffs' attempt to place a higher burden on Eleven Labs in view of its valuation conflicts with the precedent in this District. *See Express Mobile, Inc. v. Web.com Group, Inc.*, C.A. No. 19-1936-RGA, 2020 WL 39717766, at *3 (D. Del. July 14, 2020) (finding this factor weighed in favor of transfer despite defendant's status as a $2 billion company because "it is undoubtedly substantially more convenient for Defendant to litigate where its principal place of business is located."); *ChriMar Sys., Inc. v. Cisco Sys., Inc.*, C.A. No. 11-1050-GMS, 2013 WL 828220, at *5 (D. Del. Mar. 6, 2013) (plaintiff "has only three employees," and would be "forced to bear travel costs no matter the court's decision, but proceeding in California will likely spare the defendants significant expense").

On the other hand, there is no question that litigation in the SDNY would be more convenient and cause less disruption to Eleven Labs and its employees who reside in New York and Europe,[3] as well as to plaintiff Boyett who resides in New York. *See Wacoh Co. v. Kionix Inc.,*

---

[2] Plaintiffs' attempt to diminish Eleven Labs' ties to New York misses the mark. D.I. 32 at 9. Eleven Labs is a small but growing company, particularly in New York, which remains a hub for both its domestic and international employees. Moreover, Plaintiffs' criticism that Eleven Labs has not identified any New York-based witnesses puts the cart before the horse. Initial disclosures have not been served, and the scope of Plaintiffs' claims is not yet known in light of the pending motion to dismiss. As explained in its opening brief, Eleven Labs' New York operations include employees in both sales and operations, who could be candidates for discovery under either Fed. R. Civ. P. 30(b)(1) or 30(b)(6).

[3] By way of example, on March 4, 2025, there are more than ten times as many direct flights from London Heathrow Airport to New York City airports as compared to from London Heathrow to the Philadelphia International Airport. Likewise, travel from Eleven Labs' (soon to be opened) office in Warsaw, Poland to New York City is served by two daily non-stop flights. However, if

6

*et al.*, 845 F. Supp. 2d 597, 603 (D. Del. 2012) ("It would . . . interfere less with the defendants' business operations if there were no travel to Delaware involved."); *Harris v. Lord & Taylor LLC*, C.A. No. 18-521-MN, 2019 WL 1854562, at *4 (D. Del. Apr. 25, 2019) (factor favored transfer where "the logistical and operational costs associated with litigation" would likely be more complicated and expensive in Delaware than in the SDNY).

While the parties here may have the financial resources to litigate in Delaware, that is of little consequence when litigating in Delaware proves unnecessarily wasteful. "It is unreasonable to subject all parties to an inconvenient forum when a forum exists that would significantly reduce the burden of at least one of the parties" – and all the more so where transfer would reduce the burden not only for Eleven Labs, but also for Plaintiff Boyett. *Ithaca Ventures k.s. v. Nintendo of Am. Inc.*, C.A. No. 13-824-GMS, 2014 WL 4829027, at *4 (D. Del. Sept. 25, 2014). This factor thus favors transfer.

E. **The Location of Books and Records Favors Transfer**

Plaintiffs urge the Court to ignore this factor because electronic documents "can be transmitted anywhere." D.I. 32 at 13. This argument has been rejected by this Court. *See Pacira Biosciences Inc. v. Ventis Pharma, Inc.*, C.A. No. 23-1250-RGA, 2024 WL 3925117, at *4 (D. Del. Aug. 23, 2024) (noting that "[a]lthough it may not be difficult to produce records in Delaware in light of modern technology, this factor cannot be ignored" and favors transfer). Moreover, the Federal Circuit in *Link_A_Media* expressly rejected the notion that advances in technology render this factor obsolete, finding that the district court erred in writing off this factor as outdated and entitled to little weight. 662 F.3d at 1224. Here, relevant documents are physically present or otherwise easily accessible at Eleven Labs' New York headquarters. There are no operations or

---

the case stays in Wilmington, there are no regularly scheduled non-stop flights from Warsaw to Philadelphia, requiring a 13- to 20-hour-long flight between those airports. **Ex. B**.

7

employees in Delaware that would render these materials accessible in Delaware. *See Blackbird Tech LLC v. Cloudflare, Inc.,* C.A. No. 17-283-MSG, 2017 WL 4543783, at *11 (D. Del. Oct. 11, 2017) (location of documents factor weighed in favor of transfer where documents were located in San Francisco or stored in the cloud, and no documents were stored in Delaware). Thus, this convenience factor also favors transfer.

### F. Practical Considerations Favor Transfer

Plaintiffs urge the Court to ignore Eleven Labs' cost of retaining local counsel if this case proceeds in Delaware and attack Eleven Labs' reliance on *Contour IP Holding* as a "clear outlier." D.I. 32 at 14. But considering the cost of local counsel is nothing out of the ordinary. Courts in this District have repeatedly acknowledged this added cost as a practical consideration that could make litigation here more expensive. *See, e.g., Werner,* 2021 WL 3662902, at *4; *Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.,* 126 F. Supp. 3d 430, 444 (D. Del. 2015).

### G. Court Congestion in Delaware Favors Transfer

Comparing weighted case filings, as Eleven Labs did in its opening brief, is the quintessential way to measure court congestion in this District. As courts have explained, "[w]eighted filings account for the different amounts of time district judges require to resolve . . . actions," with cases requiring "substantially more judicial resources" receiving a higher weight. *Allen Med. Sys., Inc. v. Mizuho Orthopedic Sys., Inc.,* C.A. No. 21-1739-CFC, 2022 WL 1046258, at *3 (D. Del. Apr. 7, 2022) (finding this factor supported transfer to N.D. Cal. with fewer weighted filings); *see Pers. Genomics Taiwan Inc. v. Pac. Biosciences of California Inc.*, C.A. No. 19-1810-GBW, 2024 WL 3043329, at *4 (D. Del. June 18, 2024) (finding the number of weighted case filings per active judgeship supported transfer).

According to Plaintiffs, Chief Judge Connolly held that the median time from filing to trial is a "better proxy of the congestion of the courts," citing *Wimbush v. BP Expl. & Prod. Inc.,*

8

C.A. No. 24-525, 2024 WL 3742341, at *3 (D. Del. Aug. 9, 2024). D.I. 32 at 15. Judge Connolly did not speak in such definitive terms; his holding was specific to the facts of that case. In *Wimbush*, the Court first looked at the weighted case filing per active judgeship and then the number of pending cases per judgeship. It was undisputed that two large multidistrict proceedings accounted for the vast majority of the transferee forum's docket and thus skewed these statistics. As a result, Judge Connolly reasoned that "[p]erhaps a better proxy of the congestion of the courts is the median time between the filing of a case to trial." *Id.*

Indeed, statistics about median time to trial and aging cases do not change the fact that Delaware federal judges handled over 30% more weighted filings than their SDNY counterparts from September 2023 to September 2024 (628 in the District of Delaware versus 482 in the SDNY).[4] This factor thus weighs in favor of transfer.

### H.  Local Interests and Public Policy, as Well as the SDNY's Familiarity with New York State Law Claims, Favor Transfer

In its opening brief, Eleven Labs highlighted that Plaintiffs' claims implicate New York law and rely upon purported activity that took place in New York, and thus both the local interests and public policy of the SDNY strongly favor transfer. D.I. 24 at 11-14. Plaintiffs do not dispute that this case has strong ties to New York, nor can they as Plaintiff Boyett resides in New York and brought a cause of action under New York law.

Plaintiffs can only deflect the Court's attention from these New York ties. They improperly point to Eleven Labs' incorporation in Delaware (again) to argue that the local interests and public policy do not favor transfer because "Delaware has a substantial interest in adjudicating disputes involving its corporate citizens." D.I. 32 at 15, 18. But this argument ignores that Plaintiffs are

---

[4] *See* U.S. District Courts–Federal Court Management Statistics–Profiles–September 30, 2024 Reporting Period, available at https://www.uscourts.gov/sites/default/files/2024-12/fcms_na_distprofile0930.2024.pdf (last accessed January 30, 2025).

not Delaware residents or entities. State of incorporation "has generally only been considered relevant . . . where the parties on *both* sides of the dispute were Delaware corporations." *Pragmatus AV, LLC v. Yahoo! Inc.*, C.A. No. 11-902-LPS-CJB, 2012 WL 4889438, at *14 (D. Del. Oct. 15, 2012), *report & recommendation adopted*, 2013 WL 174499 (D. Del. Jan. 16, 2013).[5] Plaintiffs' cited cases confirm this point; parties on both sides in those cases had ties to Delaware. *See Autodesk Can. v. Assimilate, Inc.*, C.A. No. 08-587-SLR-LPS, 2009 WL 3151026, at *9 (D. Del. Sept. 29, 2009) (plaintiff was a wholly-owned subsidiary of a Delaware corporation; defendant was a Delaware corporation); *Human Genome Scis. Inc. v. Genentech Inc.*, C.A. No. 11-082-LPS, 2011 WL 2911797, at *11 (D. Del. July 18, 2011) (both parties were Delaware corporations). Thus, Plaintiffs' arguments fail to meaningfully dispute that the local interests and public policy of the SDNY strongly favor transfer.

## I.     The Parties Agree the Remaining Factors are Neutral.

The parties agree that the remaining factors – the convenience of witnesses and the enforceability of the judgment – are neutral.

## III.     CONCLUSION

Because all but one of the applicable *Jumara* factors weigh in favor of transferring this case to the SDNY, Eleven Labs respectfully requests that the Court grant this motion to transfer.

---

[5] Plaintiffs rely on *Pragmatus* to suggest that because they assert claims under the DMCA, its claims are national in scope and thus the *Jumara* factor accounting for the court's familiarity with applicable state law should be neutral. D.I. 32 at 18 n.12 and 19. But Plaintiffs cannot ignore that Plaintiff Boyett's claim under Section 51 of the New York Civil Rights Law and New York's anti-SLAPP law pose significant public policy and state constitutional questions that the SDNY is better attuned to address, as discussed in greater detail in Eleven Labs' pending motion to dismiss. *See* D.I. 19 (opening brief in support of motion to dismiss) at 16-23. *See Samsara Inc. v. Motiv Techs., Inc.*, C.A. No. 24-84-MN, 2024 WL 3822981, at *7 (D. Del. Aug. 14, 2024) (finding that this factor favored transfer to the N.D. Cal. where plaintiff asserted California state law claims and the transferee district was "undoubtedly more familiar with California law than this Court"). Thus, this factor too favors transfer.

10

|  |  |
|---|---|
| OF COUNSEL:<br><br>Dori Ann Hanswirth<br>Joseph A. Greenaway, Jr.<br>Theresa M. House<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>250 West 55th Street<br>New York, NY  10019-9710<br>(212) 836-8000<br><br>February 26, 2025 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Brian P. Egan*<br><br>Brian P. Egan (#6227)<br>Lucinda C. Cucuzzella (#3491)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>(302) 658-9200<br>began@morrisnichols.com<br>ccucuzzella@morrisnichols.com<br><br>*Attorneys for Defendant* |

11

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 26, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Michael C. Wilson, Esquire<br>Charles Theodore Zerner, Esquire<br>Abigail R. Karol, Esquire<br>MUNCK WILSON MANDALA, LLP<br>1900 Texas Capital Center<br>2000 McKinney Avenue<br>Dallas, TX  75201<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

*/s/ Brian P. Egan*
_____
Brian P. Egan (#6227)