# FARNAN LLP

April 7, 2025

*Via E-Filing*
The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 N. King Street, Unit 9, Room 6325
Wilmington, DE 19801-3555

      Re: *Vacker, et al. v. ElevenLabs, Inc.,* Case No. 24-cv-987-RGA

Dear Judge Andrews:

Plaintiffs respectfully request that the Court hold a scheduling conference and enter a scheduling order in this matter to establish case management deadlines and commence discovery. While Defendant's motion to dismiss remains pending, Plaintiffs believe that issuing a scheduling order now would promote judicial efficiency, mitigate likely delays arising from anticipated international discovery, and advance this litigation without prejudicing Defendant's rights.

**Procedural Background**

Plaintiffs filed their Complaint on August 29, 2024. Following filing, the parties engaged in information exchanges and mediation at Defendant's request, a process that took considerable time but did not resolve the dispute. Defendant subsequently filed motions to dismiss and to transfer venue. The briefing schedules for these motions were extended due to the holidays and other conflicts. On March 12, 2025, the Court denied the motion to transfer. Defendant's motion to dismiss remains pending.

**Reasons Supporting Immediate Entry of Scheduling Order**

The parties have conferred regarding entry of a scheduling order. ElevenLabs opposes entry of a scheduling order, arguing that discovery should await resolution of the motion to dismiss to determine which claims will proceed. Several compelling factors warrant establishing a scheduling framework now:

    1.    **Substantial Overlap in Core Discovery Issues**

Plaintiffs' claims—misappropriation of voice identity and violations of the Digital Millennium Copyright Act (DMCA)—share a factual foundation. Both claims will require discovery into:

- How ElevenLabs created the default voices "Adam" and "Bella";
- The nature, origin, and handling of the datasets used to train Defendant's text-to-speech model(s).

Because the factual underpinnings of both the voice misappropriation claims and the DMCA claims focus on substantially overlapping evidence, discovery necessary for one is effectively discovery for both.

Nor does entry of a scheduling order foreclose Defendant's ability to object to certain requests or preclude flexibility in the production of relevant documents and information, pending resolution of its motion to dismiss.

### 2. International Discovery Considerations

In its briefing on the motion to transfer, Defendant suggested that relevant witnesses and responsive documents are overseas. Obtaining and completing such discovery may involve substantial delays, which could impair Plaintiffs' ability to efficiently and thoroughly prosecute their case. Moreover, facts uncovered may require supplementing Plaintiffs' claims. Prompt initiation of discovery is necessary to mitigate these delays, ensure that critical evidence is preserved and accessible, and enable Plaintiffs to promptly identify any additional necessary parties or causes of action.

### 3. Judicial Economy and Case Management

A scheduling order will not prejudice Defendant. Should the Court's forthcoming decision on the motion to dismiss materially affect discovery needs, the Court retains full authority to modify any deadlines or parameters accordingly.

### 4. Preventing Further Delay

Although this litigation commenced over seven months ago, formal discovery has yet to begin. Continued delay risks unnecessarily prolonging this litigation and potentially prejudicing Plaintiffs' ability to timely secure relevant evidence overseas.

For these reasons, we respectfully suggest that the Court:

1. Set a scheduling conference; and
2. Enter a scheduling order allowing commencement of written discovery.

Plaintiffs appreciate the Court's consideration and are available at the Court's convenience should Your Honor desire additional information or argument.

Respectfully submitted,

/s/ Michael J. Farnan

Michael J. Farnan

cc: Counsel of Record (Via E-Filing)