# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
___

(302) 658-9200
(302) 658-3989 FAX

**Brian P. Egan**
(302) 351-9454
began@morrisnichols.com

April 8, 2025

The Honorable Richard G. Andrews                *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    *Karissa Vacker, et al. v. Eleven Labs, Inc.*, C.A. No. 24-987 (RGA)

Dear Judge Andrews:

      We write on behalf of Defendant Eleven Labs in response to Plaintiffs' unsolicited April 7, 2025 letter (D.I. 43) (the "April 7 Letter"), which requests that the Court set a scheduling conference notwithstanding that a motion to dismiss, which may result in dismissal of this case in full or in part, is pending. For the reasons set forth below, Eleven Labs opposes Plaintiffs' request and respectfully requests that the Court refrain from setting a scheduling conference and entering a scheduling order until after the motion to dismiss has been resolved and, if any claims remain, an answer to the complaint has been filed.

      **A.**     **There Is No "Substantial Overlap In Core Discovery Issues"**

      Plaintiffs' assertion that discovery related to the claims in this case will substantially overlap is overstated and at odds with the positions they have taken in opposing the pending motion to dismiss. As the Court is aware, this case involves three sets of claims: (1) the DMCA claim asserted by the "Author Plaintiffs" that solely involves alleged use of audiobooks narrated by Plaintiff Boyett; (2) the misappropriation claims brought under New York state law by Plaintiff Boyett; and (3) the misappropriation claims brought under Texas state law by Plaintiff Vacker. Plaintiffs assert in their April 7 Letter that all three sets of claims require discovery into (1) how ElevenLabs created the default voices "Adam" and "Bella"; and (2) the nature, origin, and handling of the datasets used to train Defendant's text-to-speech model(s). April 7 Letter at 1. This view of the scope of discovery, however, is both remarkably overbroad and inaccurate. For example, as Plaintiffs' opposition to the motion to dismiss makes clear, the DMCA claims concern only training *inputs*, and thus would be arguably relevant at most only to Plaintiffs' second category of discovery – and that category would concern, at most, only a narrow set of inquiries about the

Boyett narrations, the "Adam" voice, and certain ElevenLabs datasets. The state-law misappropriation claims, on the other hand, are based solely on third-party user *outputs*, and, at most, would concern only the first category of discovery and only to the extent that such discovery pertains to the *use* of the voices. The DMCA claims are factually distinct from the two separate misappropriation claims, and thus discovery necessary for one is ***not*** effectively discovery for all. Resolution of the motion to dismiss, which raises threshold issues of standing, supplemental jurisdiction, statute of limitations, and other failures with Plaintiffs' claims as a matter of law, will necessarily implicate the appropriate scope of discovery, if any part of this case goes forward.

      **B.**    **Plaintiffs' International Discovery Considerations Are Entirely Speculative And Do Not Entitle Them To Discovery**

Plaintiffs merely speculate as to delay and other issues that could or could not arise involving overseas discovery. Plaintiffs state that, to the extent "that relevant witnesses and responsive documents are overseas," "[o]btaining and completing such discovery may involve substantial delays, which could impair Plaintiffs' ability to efficiently and thoroughly prosecute their case." April 7 Letter at 2; *see also id.* (arguing that "[c]ontinued delay risks . . . potentially prejudicing Plaintiffs' ability to timely secure relevant evidence overseas"). Plaintiffs, however, do not identify what types of "substantial delays" overseas discovery would cause. Nor can they, as the only contemplated overseas discovery at this stage involves discovery from party witnesses, not third-party discovery that would implicate the Hague Convention or other foreign discovery procedures. Without further explanation, Plaintiffs' speculative concerns regarding overseas discovery do not entitle them to begin discovery.

      **C.**    **Judicial Economy and Case Management Warrants Denial of Plaintiffs' Request**

Plaintiffs' request for a scheduling conference and to commence discovery at this stage is not economical and would prejudice Eleven Labs. Eleven Labs' Motion to Dismiss (D.I. 18) is pending, which is potentially case dispositive. At minimum, even if only partially granted, Eleven Labs' Motion to Dismiss may significantly narrow the issues in dispute. Eleven Labs should not be required to expend significant time, costs, and resources engaging in discovery of claims that may ultimately be dismissed. Party and judicial resources will be best served if a scheduling conference is not set until after the motion to dismiss is resolved and an answer to the complaint has been filed.

    Respectfully,

    */s/ Brian P. Egan*

    Brian P. Egan (#6227)

cc:    All Counsel of Record (via ECF and electronic mail)