IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KARISSA VACKER, MARK BOYETT, BRIAN LARSON, IRON TOWER PRESS, INC., and VAUGHN HEPPNER, <br><br>Plaintiffs, <br><br>v. <br><br>ELEVEN LABS, INC., <br><br>Defendant. | ) ) ) ) ) ) ) C.A. 24-cv-987-RGA ) ) ) ) ) ) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to D. Del. LR 7.1.2(b), Plaintiffs respectfully submit this Notice of Supplemental Authority regarding *Kadrey v. Meta Platforms, Inc.*, No. 23-CV-03417-VC, 2025 WL 744032 (N.D. Cal. Mar. 7, 2025), attached as Exhibit 1.

**I.   *Kadrey* Rejects *Raw Story's* Approach to DMCA Standing and Follows *Intercept*.**

Defendant's motion to dismiss argues that Plaintiffs lack Article III standing, relying heavily on *Raw Story Media*. *See* D.I. 19 at 8-10; D.I. 36 at 2-4.

The *Kadrey* court rejects the approach adopted in *Raw Story Media* and follows *The Intercept*, concluding that "removal of copyright management information is an interference with a property right" and itself constitutes sufficient harm. *Id.* at *1 (*citing The Intercept Media, Inc. v. OpenAI, Inc.*, 2025 WL 556019, at *5–6 (S.D.N.Y. Feb. 20, 2025)).

**II.   *Kadrey* Confirms There is No Distribution Requirement Under § 1202(b)(1): removing CMI to enable, facilitate, or conceal internal infringement is sufficient.**

*Kadrey* also confirms there is no "distribution" requirement under § 1202(b)(1). In *Kadrey*, the plaintiffs' sole remaining infringement theory (and alleged basis for DMCA scienter) was based

1

on defendant's internal "unauthorized copying … for purposes of [AI] training." *Id.* at 2.[1] The court held plaintiffs stated a viable DMCA § 1202(b)(1) claim based on Meta's removal of CMI "to *conceal* copyright infringement"—namely, that Meta had downloaded and "trained [its AI model] on copyrighted material." *Id.* at *2. Thus, the court concluded Meta's removal of CMI to conceal its own copying infringement satisfied the scienter requirement—without requiring that it "induce, enable, facilitate or conceal" any distribution of infringing works to third parties.[2] *Id.*

Plaintiffs note that, unlike in *Kadrey*, Plaintiffs *further* allege ElevenLabs **needed** to remove the CMI contained in *watermarks* and *metadata to create the additional unauthorized copies*—speech-text pairs—used for AI training. *See* Vacker, D.I. 1, at ¶¶ 166-169; ¶ 168 ("The removal or alteration of the CMI was *necessary* to enable ElevenLabs to ingest the audio files into its AI training system.") (emphasis added); *id.* at ¶¶ 85-89. Such removal of CMI to *enable and facilitate its own internal infringement* meets the scienter requirement under § 1202(b)(1) without subsequent distribution of the infringed works.

---

[1] *See* first Order Granting Motion to Dismiss, *Kadrey*, D.I. 23, p. 1 (dismissing "all claims <u>except</u> the one alleging that the *unauthorized copying of plaintiffs' books for purposes of training LLaMA* constitutes copyright infringement.") (emphasis added).
[2] *See also Kadrey*, D.I. 407 (Third Amended Consolidated Complaint) at ¶¶ 3, 5, 86-89, 98-100, 103-109.

Dated:  April 10, 2025

Respectfully submitted,

FARNAN LLP

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Michael C. Wilson *(admitted pro hac vice)*
Charles Theodore Zerner *(admitted pro hac vice)*
Abigail R. Karol *(admitted pro hac vice)*
MUNCK WILSON MANDALA, LLP
1900 Texas Capital Center
2000 McKinney Avenue
Dallas, TX 75201
(972) 628-3600

*Attorneys for Plaintiffs Karissa Vacker, Mark Boyett, Brian Larson, Iron Tower Press, Inc., and Vaughn Heppner*